I am more than a little surprised to find myself writing a dissent in this case. A large part of me feels a dissent is unnecessary. My colleagues have tailored a majority opinion that is mathematically discrete. Litigants not named Binns will have difficulty bringing themselves within the rule ofBinns v. Westminster Memorial Park.
But they have created tort liability where, to my mind, none previously existed. And I cannot understand why. Therefore, I must respectfully dissent.
It seems to me we started out with a perfectly intelligible and easily applicable rule. We started with the rule ofChristensen v. Superior Court (1991) 54 Cal.3d 868
[2 Cal.Rptr.2d 79, 820 P.2d 181]. Christensen was based upon the premise distilled from earlier precedent that conduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law. In applying this rule to funerary/mortuary services, it held that such an independent duty arises when one party agrees with another to handle the remains of a deceased loved one. It did not hold that such a duty arises when someone agrees to provide a plot for burial, and I see no reason to create such a rule.
But my colleagues do. They have expanded liability from mishandling remains to mishandling real estate.[1] They have broadened liability of cemeteries and mortuaries to include mishandling the deceased remains of a loved one or
burying the wrong person in a family plot. *Page 714 
That last conjunction is very important because so many things could now follow "or." Before my colleagues added it,Christensen limited cemetery liability; now it seems to me to mean the concept of a special relationship is, in future cemetery cases, limited only by the imagination of counsel.
My colleagues have labored — commendably — to circumscribe this exception as much as possible. They have limited their holding "only to situations where at least one family member has been interred in the adjacent family plots." (Maj. opn., ante, at p. 703.) I certainly understand their instinct to confine this broadening of tort liability, but narrowing the opinion doesn't address my problem with it.
My problem is that I don't see where it will stop. I see nothing about the facts of this case that would bring it within a rule so carefully crafted to apply only to the mishandling of the remains of a deceased loved one — a rule created because those entrusting their loved ones' remains for funerary or mortuary services are typically bereaved, and thereby limited in their ability to contract in a way most other contracting parties are not. And since I cannot understand why such liability would attach here, I cannot understand why it would not attach in future cases, despite my colleagues' attempt to limit its spread.
My colleagues understand my difficulty with their efforts to make the facts of this case sound like the functional equivalent of the facts of Christensen. They freely acknowledge that this case, unlike Christensen, involved unintentional conduct, which was not morally reprehensible, did not involve the remains of plaintiff's loved one, was quickly ameliorated, and involved contractual promises made when no one was bereaved or suffering through one of life's "most difficult and delicate moments." The main difference between us is that they are able to follow their acknowledgement of those differences with the rhetorical equivalent of "Nevertheless. . . ." I cannot.
I see no reason to be diagramming the sentences of a Connecticut appellate court to resolve this case. I think California law, culminating in the Christensen case, does it quite nicely. California law provides that generally, "[c]onduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law." (Applied Equipment Corp. v. LittonSaudi Arabia Ltd. (1994) 7 Cal.4th 503, 515
[28 Cal.Rptr.2d 475, 869 P.2d 454].) Putting aside insurance cases, a tortious breach of contract may be found where the breach involves a tort such as fraud or conversion, the breach is accomplished by tortious means, such as deceit or undue coercion, or there is an intentional breach committed with the intent or knowledge that it will cause severe emotional distress (Erlich v. Menezes (1999) 21 Cal.4th 543, 554
[87 Cal.Rptr.2d 886, 981 P.2d 978]), none of *Page 715 
which applies here. "Focusing on intentional conduct gives substance to the proposition that a breach of contract is tortious only when some independent duty arising from tort law is violated. [Citation.] If every negligent breach of a contract gives rise to tort damages the limitation would be meaningless, as would the statutory distinction between tort and contract remedies." (Ibid.)
Christensen applied these concepts to a very narrow issue — whether family members of an individual who had contracted for crematory or mortuary services for a decedent could recover emotional distress damages for negligence (or intentional infliction of emotional distress) in mishandling the decedent's remains. (Christensen v. Superior Court,supra, 54 Cal.3d at p. 875.) The complaint alleged the crematories, without authorization, had removed and harvested organs and body parts, removed gold and other metals from the remains, cremated multiple bodies together, and mixed cremated remains in urns without preserving their integrity or identity. It alleged the mortuaries had agreed to provide "funeral-related services" and arrange for cremation, and they knew or should have known of the offending conduct by the crematories they contracted with. (Id. at pp. 878-879.)
The court held the family members could recover emotional distress damages because the mortuaries and crematories owed them an independent tort duty arising from a special relationship.[2] It explained "the relationship between the family of a decedent and a provider of funeral-related services exists in major part for the purpose of relieving the bereaved relatives of the obligation to personally prepare the remains for burial or cremation." (Christensen v. Superior Court,supra, 54 Cal.3d at p. 886.) This, it said, imposed a duty of care in performing the contract that ran to third party relatives: "Defendants here assumed a duty to the close relatives of the decedents for whose benefits they were to provide funeral and/or related services. They thereby created a special relationship obligating them to perform those services in the dignified and respectful manner the bereaved expect of mortuary and crematory operators." (Christensen v. SuperiorCourt, supra, 54 Cal.3d at pp. 890-891, fn. omitted.)
Christensen does not authorize emotional distress damages for negligence in interring (and promptly removing) a stranger in one's unoccupied cemetery plot. The complaint there alleged mishandling of human remains, and the court imposed a duty to family members of the deceased to handle the *Page 716 
remains with dignity and care. It was based on the mortuaries' and crematories' agreement to provide services that relieved the family of the obligation (still observed in other societies) to personally prepare the body of the deceased for burial or cremation.
Here, on the other hand, the disposition of human remains is not in issue.[3] Nor was the handling of human remains; the cemetery contract signed by Binns's mother did not include interment services. (The contract was "for the interment space and/or spaces . . . only and does not include the interment fee at the time of need, memorial tablets, or any other incidental items.") I cannot see how Christensen
can be read to impose a tort duty on Westminster, since the duty in Christensen was based on an agreement to prepare human remains for burial with the care a family would show, and no such agreement was involved here.Christensen does not suggest, let alone hold, that there exists a special relationship between a cemetery and the family of one who purchases a plot.
To my mind, that means there is no support for an award of emotional distress damages in this matter other thanAngiolillo v. Buckmiller (2007) 102 Conn.App. 697
[927 A.2d 312], which seems to me a slender reed. In the absence of precedential compulsion, I find nothing to commend the majority's decision. I doubt that someone selling land — even a burial plot — promises the emotional security offered by a mortician handling the remains of a loved one. I am confident that someone buying a burial plot long before it is needed (the case here) is not as emotionally vulnerable as the relatives of one who has just died. And it seems to me quite questionable whether one is likely to suffer extreme emotional distress where, as here, a mistakenly buried body is removed four days after the mistake. So there is nothing about this case that convinces me we are faced with a problem so serious as to broaden negligence liability beyond that provided by our Supreme Court the last time they visited the issue.
I can certainly sympathize with Mr. Binns's discomfiture upon learning a stranger had been interred in a burial plot purchased for him. And I can empathize with my colleagues' agreement with the court in Quesada v. Oak Hill ImprovementCo. (1989) 213 Cal.App.3d 596, 610 [261 Cal.Rptr. 769], that "[a]s a society we want those who are entrusted with the bodies of our dead to exercise the greatest of care." These are valid considerations. *Page 717 
But I am not prepared to expand California tort liability by imposing a special duty that would expose cemeteries to amorphous emotional distress damages for every mistake. My colleagues have not done that; they have announced a rule that opens the door to negligence liability only slightly. And they have done so in a reasonable way in an admittedly close case that we all have struggled with. But because I cannot see anything in their opinion that would enable future courts to block that door — or future litigants to divine how far it will open before someone does find a way to block it — I must dissent.
[1] My colleagues apparently consider this comment insensitive. My point is simply that until now, California courts have not reported any case in which they identified a distinction between the rules that applied to cemetery plots and those that applied to other pieces of land. I phrased the sentence starkly to emphasize that I am loath to start such a trend.
[2] There is of course, no tort of negligent infliction of emotional distress. As Christensen explained, "the tort with which we are concerned is negligence. Negligent infliction of emotional distress is not an independent tort [citation], nor is negligent mishandling of human remains. Those names are, however, convenient terminology descriptive of the context in which the negligent conduct occurred." (Christensen v. Superior Court, supra,54 Cal.3d at p. 884, fn. omitted.)
[3] Kenneth Bruce Binns had argued Christensen
applies to "contracts for cemetery/funeral services" and includes "interment rights." But that is just incorrect. The contracts sued on there were for mortuary and crematory services, and nothing in the decision implicates in any way the sale of a cemetery plot or any "right of interment." *Page 718